WO

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Evangeline Del Carmen Payan, | No. CV-13-00741-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act ("EAJA") (Doc. 30) and Plaintiff's Attorney's Motion for Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 36). Defendant has filed an Opposition to Plaintiff's EAJA Application (Doc. 32) and a Response (Doc. 37) stating no objection to the Motion for Award of Attorney Fees Under 42 U.S.C. § 406(b). Plaintiff has filed a Reply (Docs. 35) in support of the Motion for Award of Attorney Fees under the EAJA.

**I.     Background**

On November 23, 2009, Plaintiff filed an application for Social Security Disability Insurance Benefits ("SSDI") under Title II of the Social Security Act (the "Act"). *See* 42 U.S.C. §§ 401-433. (Doc. 19 at 1). Plaintiff reported in the application that she was unable to work due to her disabling condition, which included diabetes, sleep apnea, depression, and carpal tunnel. (Doc. 19 at 1-2). At the administrative hearing, Plaintiff additionally testified that she suffered from fibromyalgia, stating that it was the most severe impairment

that kept her from working. (Doc. 19 at 2).

Plaintiff's application was denied by the Social Security Administration ("SSA") initially and again on reconsideration. (Doc. 19 at 2). Thereafter, a hearing was held on December 14, 2011, before an Administrative Law Judge ("ALJ"). (*Id.*). On February 3, 2012, the ALJ ruled that Plaintiff was not entitled to disability insurance benefits because she had not been under a disability within the meaning of the Social Security Act from the date of onset through the date of the ALJ decision. (*Id.*). This ruling became the final decision of the Commissioner of Social Security (the "Commissioner") when the Social Security Appeals Council denied Plaintiff's request for review on February 13, 2013. (*Id.*).

Plaintiff then sought review in this District Court. (Doc. 1). On July 23, 2014, the Court entered an order affirming the Commissioner's decision. (Doc. 19). Plaintiff appealed. (Doc. 21). On appeal, the Ninth Circuit reversed, finding that the "ALJ failed to property assess [Plaintiff]'s residual functional capacity ("RFC") in light of Social Security Ruling 12-2p." (Doc. 27-1 at 1). Specifically, the court found that the ALJ, despite concluding that Plaintiff suffered from fibromyalgia, incorrectly rejected Plaintiff's treating physician's assessment and Plaintiff's subjective symptom testimony based on a lack of objective medical evidence. (Doc. 27-1 at 1-2). This ruling was in contradiction to Social Security Ruling 12-2p, which "precludes the ALJ from rejecting alleged functional limitations based solely on a lack of objective medical evidence." (Doc. 27-1 at 2). The court also found that the ALJ erred by stating that Plaintiff's medical examiners' opinions were inconsistent with the objective evidence, but not identifying the specific evidence that contradicted the physicians' findings. (Doc. 27-1 at 2). Last, the court held that the ALJ erred by failing to reconcile the conflict between her assessment of Plaintiff's residual functional capacity and her determination of the occupations Plaintiff could perform. (Doc. 27-1 at 2-3). The court noted that the record "as a whole" was unclear regarding whether Plaintiff was disabled within the meaning of the Social Security Act. (Doc. 27-1 at 3). Accordingly, the court remanded for further development of the record. (Doc. 27-1 at 3).

On February 22, 2017, pursuant to the Ninth Circuit's Order, this Court remanded the case to the Social Security Administration Commissioner for further administrative proceedings. (Doc. 28). On October 26, 2017, a supplemental hearing was held. (Doc. 36 at 3). On May 16, 2018, the Administrative Law Judge issued a partially favorable judgment for Plaintiff. (Doc. 36 at 3). Plaintiff recovered $60,910.00 in back pay. (Doc. 36 at 2).

Plaintiff has submitted two separate documents seeking recovery of attorneys' fees. The first, which is an Application for Attorneys' Fees under the Equal Access to Justice Act, was submitted on March 29, 2017; this was after the order of remand and before the rehearing. (Doc. 30). Following the final ALJ award, Plaintiff's attorney filed a Motion for Award of Attorneys' Fees Under 42 U.S.C. § 406(b). (Doc. 36).

**II. Attorney's Fees under the EAJA**

    **A. Legal Standards**

In any action brought by or against the United States except one sounding in tort, the EAJA, 28 U.S.C. § 2412, provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A); *Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014). Under the EAJA, "attorneys' fees are to be awarded to a party winning a … remand unless the Commissioner shows that his position with respect to the issue on which the district court based its remand was 'substantially justified.'" *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) (citing *Flores v. Shalala*, 49 F.3d 562, 568-69 (9th Cir. 1995)).

Substantially justified means "justified in substance or in the main - that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal citations omitted). A substantially justified position must have a reasonable basis both in law and fact. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001). The Government bears the burden of establishing that its position on the relevant issue was substantially justified. *Tobeler,* 749 F.3d at 832; *Gutierrez*, 274 F.3d at 1258.

In determining whether the government's position was substantially justified, a district court considers both the government's position during the litigation and "the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). Thus, a court considers: "first, whether the government was substantially justified in taking its original action; and second, whether the government was substantially justified in defending the validity of the action in court." *Gutierrez*, 274 F.3d at 1258 (citation omitted). "[T]he policy goal of EAJA is to encourage litigants to vindicate their rights where any level of the adjudicating agency has made some error in law or fact and has thereby forced the litigant to seek relief from a federal court." *Li v. Keisler*, 505 F.3d 913, 919 (9th Cir. 2007) (citing *Thangaraja v. Gonzales*, 428 F.3d 870, 875 n.1 (9th Cir. 2005)).

**B. Analysis**

Here, Defendant first asserts that the government's position was substantially justified, because "this is not a case where there was no contradictory evidence" and because the record could support the ALJ's findings. (Doc. 32 at 5). Defendant further asserts that its position was substantially justified because Social Security Ruling 12-2p, upon which the Ninth Circuit relied in its decision, was not issued until five months after the ALJ's ruling. (Doc. 32 at 4).

Social Security Ruling 12-2p provides guidance regarding how evidence is developed to establish fibromyalgia. SSR 12-2P, 2012 WL 3104869 (2012). As stated by the Ninth Circuit, it "precludes the ALJ from rejecting alleged functional limitations based solely on a lack of objective medical evidence." (Doc. 27-1 at 2). It is true that Social Security Ruling 12-2p was issued on July 25, 2012, which was before the ALJ's February 2012 decision. However, earlier Ninth Circuit authority similarly forbade the ALJ from requiring objective evidence to establish fibromyalgia. *See Benecke v. Barnhart*, 379 F. 3d 587, 594 (9th Cir. 2004) (stating, in context of fibromyalgia, that "[t]he ALJ erred by effectively requiring objective evidence for a disease that eludes such measurement." (internal citations omitted)). Therefore, rejection of Plaintiff's treating physician's

assessment and of Plaintiff's symptom testimony was not substantially justified under Ninth Circuit law.

Defendant also seems to argue that, because Plaintiff received a remand on only two arguments and because further proceedings were needed to determine if Plaintiff was disabled, the Commissioner's position was substantially justified. The Court disagrees. First, as stated above, the government may not disregard subjective evidence due to the absence of objective evidence, when the illness at issue does not manifest by objective evidence. Second, even though further proceedings were required, Plaintiff nonetheless prevailed on appeal and secured a re-examination of her case. Last, even if Plaintiff did not receive a remand based upon every argument made, the Court will view the case as a whole in determining whether Plaintiff was successful and whether the Commissioner's position was substantially justified. *See Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001) (finding, in the context of attorneys' fees award, that when a case involves a "common core" of facts, "much of counsel's time will be devoted generally to the litigation as a whole" and that "[s]uch a lawsuit cannot be viewed as a series of discrete claims" (internal citations omitted)).

Defendant has not demonstrated to the Court that, in spite of the serious deficiencies in the ALJ's analysis of Plaintiff's treating physician's assessments and Plaintiff's subjective experience evidence, the ALJ's position and the Commissioner's defense of that position were substantially justified. Because Defendant has failed to meet its burden, the Court finds that Plaintiff, as the prevailing party in this action, is entitled to an award of fees in this case pursuant to the EAJA.

### C. Amount of Fees

Plaintiff is seeking $19,900.43 in attorneys' fees and $980.00 in costs.[1] (Doc. 30).

---

[1] The requested fees include attorney time of 23.2 hours at $187.02 per hour for work performed in 2013, 12 hours at $190.06 for work performed in 2014, 49.1 hours at $190.28 for work performed in 2015, and 14.9 hours at $192.68 for work performed in 2016 and 2017; and paralegal time of 6.7 hours at $50 per hour. (Doc. 30 at 1-2). An additional 3.8 hours at $192.68 per hour is sought for reviewing Defendant's Opposition to the Application for Attorneys' Fees and for researching and preparing Plaintiff's Reply. (Doc. 35 at 9). Finally, the costs include a $350.00 filing fee and $630 for travel costs associated with the Ninth Circuit oral argument. (Doc. 30 at 2).

Although Defendant does not contest Plaintiff's counsel's claimed hourly rate, Defendant does assert that the amount of fees requested is unreasonable based upon the amount of hours expended. (Doc. 32 at 6-7). Defendant asserts that any fee award should be limited to 75 hours of attorney time, instead of the approximately 100 hours billed. (Doc. 32 at 8). In support of this, Defendant contends that the time spent was excessive because counsel was familiar with the case, because Plaintiff only raised "standard arguments" on both the district court and appellate levels, and because the record "was not excessively long." (Doc. 32 at 7-8).

In reviewing the Itemization of Services (Doc. 30-1), the Court finds that the time spent and amounts requested are reasonable for this case. "Social security cases are fact-intensive and require a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable detail." *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1213 (C.D. Cal. 2000). The record before the Court, which includes Plaintiff's medical records and documents related to the administrative process, exceeds 900 pages. (Doc. 10-1 through Doc. 10-17.) Further, although Defendant describes 65.8 hours at the appellate level as "excessive," Defendant fails to specify the tasks on which Plaintiff's counsel should have spent less time. (Doc. 32 at 8). The Court "will not second-guess Plaintiff's counsel regarding the time expended to achieve a favorable result." *Hubble v. Astrue*, 2008 WL 5082144 at *3 (D. Ariz. 2008) (finding 97.05 hours of attorney time reasonable under EAJA for Social Security action that plaintiff successfully appealed to the Ninth Circuit). The Court additionally finds reasonable the 3.8 hours counsel spent preparing the Reply to the Fee Application. *See Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998) (recognizing that, under the EAJA, reasonable time spent litigating fees is compensable). Accordingly, the Court declines to award less than the amount requested under the EAJA. The Court similarly will award the full amount of costs requested. *See Int'l Woodworkers of Am., AFL-CIO, Local 3-98 v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1985) (finding award of costs, including costs for attorney travel, proper under the EAJA).

Last, the check for EAJA fees must be made payable to Plaintiff. *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010) (holding that a § 2412(d) fees award is payable to the litigant, not his attorney). This is especially important here because, as set forth below, Plaintiff's counsel is separately entitled to attorney's fees under 42 U.S.C. § 406(b). The Court will therefore order the EAJA attorney's fees check to be made payable to Plaintiff and mailed to Plaintiff's counsel's office for distribution to Plaintiff.

**III. Attorney's Fees under 42 U.S.C. § 406(b)**

Next, Plaintiff's counsel seeks an award of attorneys' fees pursuant to 42 U.S.C. § 406(b). (Doc. 36). Under that provision, the Court may award a reasonable fee for counsel's representation of Plaintiff not to exceed "25 percent of the total of the past-due benefits to which [Plaintiff] is entitled" as a result of the favorable judgment for Plaintiff. 42 U.S.C. § 406(b)(1)(A). Consistent with this provision, and a contingency fee agreement between Plaintiff and counsel, counsel is seeking a fee award in the amount of $15,277.50. (Doc. 36; Doc. 36-1 at 8-9).

Defendant takes no position on Plaintiff's counsel request for fees under § 406(b) because they are awarded from the past-due benefits. (Doc. 37). Accordingly, Defendant does not object to the motion. Defendant contends, however, that if Plaintiff is also awarded fees under the EAJA, Plaintiff's counsel must refund the lesser of the two fee awards to Plaintiff. (Doc. 37 at 2) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002)).

In *Gisbrecht*, the Supreme Court addressed the meaning of the term "reasonable fee" in § 406(b) and concluded that the statute "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." 535 U.S. at 807. "Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

Here, Plaintiff's counsel presents evidence demonstrating 99.2 total hours spent on Plaintiff's case. The contingent fee of $15,277.50 that Plaintiff's counsel seeks here would result in an hourly pay rate of approximately $154.00. Having considered the

reasonableness factors set forth in *Gisbrecht*, the Court finds this to be a reasonable rate. Counsel achieved a favorable result for Plaintiff and should be compensated to recognize the risks involved in a contingent fee case. Plaintiff's counsel's motion will therefore be granted.

Accordingly,

**IT IS ORDERED** that Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA") (Doc. 30) is granted in the amount of $19,900.43 for attorneys' fees and $980.00 for costs. This amount is subject to offset under the Treasury Offset Program and any fees paid to Plaintiff shall be after offset. This amount is payable directly to Plaintiff, but delivered to Plaintiff's counsel, Eric G. Slepian, at Slepian Smith, PLLC, 3737 N. 7th Street, Suite 106, Phoenix, AZ 85014.

**IT IS FURTHER ORDERED** that Plaintiff's Attorney's Motion for Award of Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. 36) is granted in the amount of $15,277.50. Accordingly, Plaintiff's counsel is awarded $15,277.50 in attorney's fees, to be paid out of the sums withheld by Defendant from Plaintiff's past-due benefits. In no event shall counsel be paid more than $15,277.50 out of funds being withheld pursuant to § 406. This award shall be mailed to Plaintiff's counsel, Eric G. Slepian, at Slepian Smith, PLLC, 3737 N. 7th Street, Suite 106, Phoenix, AZ 85014.

**IT IS FURTHER ORDERED** that Plaintiff's counsel may seek from Plaintiff, consistent with the fee agreement between Plaintiff and Plaintiff's counsel, up to the amount Plaintiff received in EAJA funds, after any offset, capped at $5,602.93.

**IT IS FINALLY ORDERED** that Plaintiff's counsel shall provide Plaintiff with a copy of this Order.

Dated this 7th day of June, 2019.

Honorable Diane J. Humetewa
United States District Judge